**UNITED STATES DISTRICT COURT MASSACHUSETTS
EASTERN DISTRICT**

| | |
|---|---|
| CHRISTOPHER BROWN ) | |
|       Plaintiff ) | Civil Action No. |
| v. ) | 20-10980-FDS |
| ) | |
| DAMON ANTHONY DASH, AND ) | |
| POPPINGTON LLC d/b/a DAME DASH STUDIOS ) | |
|       Defendants ) | |
| ) | |

# PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION OF DISMISSAL AND TRANSFER TO THE SOUTHERN DISTRICT OF NEW YORK

Christopher Brown-Pro Se
CB3465
100 State Street, Suite 900
Boston, MA 02109
(T) 617-728-9111
cbrown@brownrosen.com

Dated:  November 27, 2020

*Table of Contents*

| | |
|---|---:|
| **I. INTRODUCTION** | 5 |
| **II. ARGUMENT** | 5 |
| **A. Standard Of Review** | 5 |
| **B. Defendants Contend That New York Is Proper Jurisdiction And Plaintiff Indicated That Transfer Would Be Acceptable** | 6 |
| **C. Pursuant To 28 U.S.C. § 1404 This Action Must Be Transfer To The Southern District of New York** | 7 |
| **1. The Convenience Of The Witnesses** | 8 |
| **2. The Convenience Of The Parties** | 8 |
| **3. The Location Of Relevant Documents And The Relative Ease Of Access To Sources Of Proof** | 8 |
| **4. The Locus Of Operative Facts** | 9 |
| **5. The Availability Of Process To Compel The Attendance Of Unwilling Witnesses** | 9 |
| **6. The Relative Means Of The Parties** | 9 |
| **7. The Forum's Familiarity With The Governing Law** | 9 |
| **8. The Weight Accorded The Plaintiff's Choice Of Forum** | 10 |
| **9. Trial Efficiency And The Interests Of Justice** | 10 |
| **III. CONCLUSION** | 10 |

## *Case Citations*

*Astor Holdings, Inc. v. Roski*, No. 01 Civ. 1905, 2002 U.S. Dist. LEXIS 758,
 2002 WL 72936 (S.D.N.Y. July 17, 2002) ............................................................10

*Brooks v. Dash*, 19-cv-1944 (JSR) ............................................................9

*Canada Malting Co. v. Paterson Steamships,* 285 U.S. 413,
52 S.Ct. 413, 76 L.Ed. 837 (1932) ............................................................8

*Cont'l Grain Co. v. Barge F.B.L.-585*, 364 U.S. 19 (1960) ............................................................7

*Corrines v. Am. Physicians Ins. Trust*, 769 F. Supp. 2d 584 (S.D.N.Y. 2011) ............................................................6

*DiRienzo v. Philip Servs. Corp.,* 232 F.3d 49 (2d Cir.2000) ............................................................8

*Doe v. New York City Dep't of Social Servs.*, 709 F.2d 782 (2d Cir. 1983) ............................................................5

*Eisemann v. Greene*, 204 F.3d 393 (2d Cir. 2000) ............................................................6

*Federman Assocs. v. Paradigm Med. Indus., Inc.*, No. 96 Civ. 8545, 1
997 U.S. Dist. LEXIS 23685, 1997 WL 811539 (S.D.N.Y. Apr. 8, 1997) ............................................................9

*Gulf Oil Corp v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947) ............................................................7,8

*Moscato v. MDM Grp., Inc.*, No. 05-cv-10313,
2008 WL 2971674  (S.D.N.Y. July 31, 2008) ............................................................6

*Motor Vehicle Mfrs. v. N.Y. State Dep't of Envtl. Conservation*,
831 F. Supp. 57 (N.D.N.Y. 1993) ............................................................6

*Piper Aircraft Co. v. Reyno,* 454 U.S. 235 102 S.Ct. 252,
70 L.Ed.2d 419 (1981) ............................................................8

*Royal Ins. Co. v. Tower Records, Inc*, 2002 U.S. Dist. LEXIS 20109,
2002 WL 31385815 ............................................................9

*Spa 77 G L.P. v. Motiva Enters. LLC*, 772 F. Supp. 2d 418 (E.D.N.Y. 2011) ............................................................5

*Van Dusen v. Barrack*, 376 U.S. 612 (1964) ............................................................7

*Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245 (2d Cir. 1992) ............................................................5

*Warrick v. Gen. Elec. Co. (In re Warrick)*, 70 F.3d 736 (2d Cir.1995) ............................................................10

**Statutes and Rules**

28 U.S.C. § 1404 ................................................................................................................ 7

**Other Authority**

11 C. Wright et al., Federal Practice and Procedure § 2810.1 (2012)
11 C. Wright et al., Federal Practice & Procedure § 2810.1 (2d ed. 1995) ...................... 5

## I. INTRODUCTION

Pursuant to the Federal Rules of Civil Procedure, Plaintiff hereby moves to vacate the dismissal of this action without prejudice and vacate the Order entered on November 19, 2020, Docket Entry 29. The Court found that the Defendants were properly served but that there was no jurisdiction over the Defendants in the Commonwealth of Massachusetts. The Defendants argued to this Court that New York was the proper venue, hence, Plaintiff now seeks to transfer this action to the Southern District of New York against Defendants, Damon Dash ("Dash"), Poppington LLC d/b/a Dame Dash Studios ("Poppington") (1) This Federal Court has subject matter and personal jurisdiction over this matter (2) The Defendants were properly served (3) the New York forum is convenient and has jurisdiction over the defendants.

## II. ARGUMENT

### A. Standard Of Review

The court has the sound discretion to determine whether a motion for reconsideration should be granted. *See Spa 77 G L.P. v. Motiva Enters. LLC*, 772 F. Supp. 2d 418, 437 (E.D.N.Y. 2011). The Second Circuit established that "[t]he major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992); *Doe v. New York City Dep't of Social Servs.*, 709 F.2d 782, 789 (2d Cir. 1983); *see also* 11 C. Wright et al., Federal Practice and Procedure § 2810.1 (2012); 11 C. Wright et al., Federal Practice & Procedure § 2810.1 (2d ed. 1995) (noting four grounds for granting such a motion: manifest errors of law or fact, newly discovered or previously unavailable evidence, manifest injustice, and an intervening change in controlling law).

A finding of clear error and relief is "appropriate only when a court overlooks 'controlling decisions or factual matters that were put before it on the underlying motion' and which, if examined, might reasonably have led to a different result." *Corrines v. Am. Physicians Ins. Trust*, 769 F. Supp. 2d 584, 593-94 (S.D.N.Y. 2011) (quoting *Eisemann v. Greene*, 204 F.3d 393, 395 n.2 (2d Cir. 2000)).  A motion for reconsideration may be granted "where the [c]ourt has overlooked matters . . . which might have materially influenced the earlier decision." *Motor Vehicle Mfrs. v. N.Y. State Dep't of Envtl. Conservation*, 831 F. Supp. 57, 60 (N.D.N.Y. 1993) (The court improperly and solely relied upon plaintiff's evidence of sulfur levels and overlooked defendant's evidence as to the degree and nature of sulfur levels that placed into dispute plaintiff's conclusions and, thus, upon reconsideration found that defendant's evidence established that questions of fact remain.).

**B. Defendants Contend That New York Has Proper Jurisdiction And Plaintiff Indicated That Transfer Would Be Acceptable**

The Defendants argue at page 18 of 18 of their Memorandum of Law in support of dismissing this action, that ***New York is the only*** proper venue (Docket Entry 15). Plaintiff indicated in its opposition to Defendants Motion to Remove the Default and to Dismiss that if Massachusetts is not the correct venue, the Court could order a transfer of venue sua sponte. *Moscato v. MDM Grp., Inc.*, No. 05-cv-10313, 2008 WL 2971674, at *5 (S.D.N.Y. July 31, 2008). The Court did not address this issue when the matter was dismissed for personal jurisdiction, hence, tis Court should vacate this dismissal and transfer the case to the Southern District of New York. Justice mandates the dismissal be vacated and the action be transferred to New York.  There is no doubt that New York has jurisdiction over this dispute and personal jurisdiction over the defendants.

6

## C. Pursuant To 28 U.S.C. § 1404 This Action Must Be Transfer To The Southern District of New York

As the Court has found that Massachusetts did not have jurisdiction, this action must be transferred to the Southern District Of New York as opposed to dismissing the action for lack of personal jurisdiction. Pursuant to 28 U.S.C. § 1404(a), for the "convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district court where it might have been brought." As the Supreme Court has explained, the purpose of the section is to prevent the waste "of time, energy and money" and "to protect litigants, witnesses and the public against unnecessary inconvenience and expense." To this end it empowers a district court to transfer "any civil action" to another district court if the transfer is warranted by the convenience of the parties and witnesses and promotes the interest of justice. *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Cont'l Grain Co. v. Barge F.B.L.-585*, 364 U.S. 19, 26-27 (1960)) (footnote omitted). The reasons to transfer a case under section 1404(a) include ease of access to evidence, the availability of compulsory process, the cost of securing the attendance of witnesses, and "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Gulf Oil Corp v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947).

Thus, in evaluating a motion to transfer pursuant to § 1404(a), courts consider: (1) the convenience of the witnesses; (2) the convenience of the parties; (3) the location of relevant documents and the relative ease of access to sources of proof; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice.

The doctrine of *forum non conveniens* was developed to thwart "a strategy of forcing the trial at a most inconvenient place for an adversary." *Gulf Oil Corp.,* 330 U.S. 501, 507. The doctrine permits a court to dismiss an action to enable it to be re-filed in a more convenient foreign forum. See *DiRienzo v. Philip Servs. Corp.,* 232 F.3d 49, 56 (2d Cir.2000); *See also, Canada Malting Co. v. Paterson Steamships,* 285 U.S. 413, 52 S.Ct. 413, 76 L.Ed. 837 (1932). "[D]ismissal will ordinarily be appropriate where trial in the plaintiff's chosen forum imposes a heavy burden on the defendant or the court, and where the plaintiff is unable to offer any specific reasons of convenience supporting his choice." *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 249, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981).

### 1. The Convenience Of The Witnesses

Poppington is a New York entity and argued to this Court that New York is the proper venue. Defendant Dash also committed some of the defamatory acts while he was in New York City attending radio and television programs. The Plaintiff grew up in New York City and it is a convenient forum for the Plaintiff. Some of Plaintiff's witnesses in this case are New York residents.

### 2. The Convenience Of The Parties

Poppington is a New York entity and Dash is the owner of Poppington. Dash also committed the acts while he was in New York. Plaintiff has no objection to appearing in New York and Defendants contend New York is the only proper forum. Hence, New York is convenient for the parties.

### 3. The Location Of Relevant Documents And The Relative Ease Of Access To Sources Of Proof

The documents involved in this case appear in emails, telephones and on-line. Access to the documents are relatively easy. This factor weights in favor of transfer to New York.

8

### 4. The Locus Of Operative Facts

Several of the acts committed by the Defendants' occurred in New York and New York is the locus of the original events. Defendants also agree that New York is the proper venue.

### 5. The Availability Of Process To Compel The Attendance Of Unwilling Witnesses

Poppington is a New York entity. The Plaintiff can appear in New York. Some of Plaintiff's clients and family that saw the defamatory acts, reside in New York. This factor favors transfer to New York.

### 6. The Relative Means Of The Parties

The convenience of the parties favors transfer to New York. Transfer is appropriate when transfer would increase convenience to the moving party without generally increasing the inconvenience to the non-movant. *Royal Ins. Co. v. Tower Records, Inc*, 2002 U.S. Dist. LEXIS 20109, 2002 WL 31385815, at *6. On the other hand, "[t]he parties' convenience becomes a neutral factor in the transfer analysis if transferring venue would merely shift the inconvenience to the other party." *Federman Assocs. v. Paradigm Med. Indus., Inc.*, No. 96 Civ. 8545, 1997 U.S. Dist. LEXIS 23685, 1997 WL 811539, at *3 (S.D.N.Y. Apr. 8, 1997). Poppington is a company with hundreds of thousands of dollars of income. See Affidavit of Attorney Bhushan, Docket Entry 76-1, in *Brooks v. Dash*, 19-cv-1944 (JSR). Poppington is a New York company. Hence, Poppington has the means to appear in appear in New York.

### 7. The Forum's Familiarity With The Governing Law

The forum's familiarity with the governing law is typically "to be accorded little weight on a motion to transfer venue because federal courts are deemed capable of applying the

9

substantive law of other states." *Astor Holdings, Inc. v. Roski*, No. 01 Civ. 1905, 2002 U.S. Dist. LEXIS 758, 2002 WL 72936, at *13 (S.D.N.Y. July 17, 2002). This factor assumes added significance when the governing law presents "complex legal questions," or is "shown to be unclear, unsettled or difficult." *Royal Ins. Co.*, 2002 U.S. Dist. LEXIS 20109, 2002 WL 31385815, at *8. On the other hand, the absence of any conflict between the law of the transferor and transferee forums reduces the significance of this factor. See *Astor Holdings*, 2002 U.S. Dist. LEXIS 758, 2002 WL 72936, at *13.

Massachusetts defamation law case is not complex and New York Courts are capable of applying the law.

### 8. The Weight Accorded The Plaintiff's Choice Of Forum

Plaintiff's choice of forum is generally entitled to "substantial consideration," *Warrick v. Gen. Elec. Co. (In re Warrick)*, 70 F.3d 736, 741 (2d Cir.1995). In this instance, the Plaintiff has chosen to transfer this case to Poppington's state of incorporation, New York, and it is the location where many of the defamatory acts occurred.

### 9. Trial Efficiency And The Interests Of Justice

The interest of justice and trial efficiency mandates that this action be transferred to New York. The federal court in New York is efficient and the acts relating to this litigation originated in New York.

### III. CONCLUSION

For the reasons stated above, this Court should vacate the dismissal and transfer this action to the Southern District of New York.

10

CHRISTOPHER BROWN

_____
Christopher L. Brown –Pro Se
3465
100 State Street, Suite 900
Boston, MA 02109
617-728-9111 (T)
cbrown@brownrosen.com

November 27, 2020